IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM WINKLER, ) | Civil Action No. 1:23-cv-351 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| THOMAS ANDRZEJCZAK, ) | |
| TAD ACKER, and BOROUGH ) | |
| OF CAMBRIDGE SPRINGS ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, William Winkler, by and through his attorneys, Nicholas R. DiNardo, Esq., and Very Law PLLC, and hereby files this Complaint and Demand for Jury Trial, and avers as follows:

**INTRODUCTION**

1. This action seeks money damages relating to violations of Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and Article I, Section 8, of the Pennsylvania Constitution, as well as state-law claims for malicious prosecution and defamation.

**JURISDICTION AND VENUE**

2. This court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's Fourth and Fifth claims, which are based on state law, under 28 U.S.C. § 1367.

4. Venue in the United States District Court for the Western District of Pennsylvania Erie Division is proper pursuant to 28 U.S.C. § 1391(b) because the events giving rise to all

claims occurred in Crawford County or Erie County, Pennsylvania, and all Defendants reside in Crawford County or Erie County, Pennsylvania.

## PARTIES

5. Plaintiff, William Winkler ("Mr. Winkler" or "Plaintiff"), is an adult residing in Crawford County, and employed by the Edinboro Police Department as a police officer.

6. By information and belief, Thomas Andrzejczak ("Officer Andrzejczak" or "Defendant Andrzejczak") is an adult residing in Crawford County and employed as a police officer for the Borough of Cambridge Springs Police Department ("Defendant Borough").

7. By information and belief, Tad Acker ("Defendant Acker" or "Chief Acker") is an adult residing in Crawford County and employed as the Chief of Police for the Cambridge Springs Police Department.

8. Defendant Borough of Cambridge Springs is a municipality of the Commonwealth of Pennsylvania, with a principal office location at 161 Carringer Street, Cambridge Springs, PA 16403 of Crawford County.

## FACTUAL ALLEGATIONS

9. On August 30, 2023, Plaintiff was sitting in his truck in the parking lot of a hardware store with his driver-side window open and was having a telephone conversation with Kimberly Brewster.

10. At this time, Frank Reichert ("Reichert") exited the hardware store, noticed Plaintiff, and made comments towards Plaintiff as he walked past Plaintiff's vehicle.

11. Plaintiff believed the comments were threatening and/or obscene in nature.

12. Before this interaction, Plaintiff and Reichert had been involved in an argument relating to a business dispute between a friend of Plaintiff's and Reichert.

13. Plaintiff responded by saying to Reichert, "don't ever fucking speak to me again, in fact don't even fucking look at me."

14. Ms. Brewster made a comment to Plaintiff regarding this statement, and Plaintiff responded to Ms. Brewster, "I don't give a shit, I retire in four months, fuck him."

15. Plaintiff and Reichert went their separate ways with no further interaction.

16. That same day, Reichert contacted the Cambridge Springs Police Department and spoke with Officer Andrzejczak regarding this interaction with Plaintiff.

17. On September 1, 2023, Officer Andrzejczak contacted Chief Landon Silva ("Chief Silva") of the Edinboro Police Department, Plaintiff's employer, and advised that he was investigating this interaction.

18. Officer Andrzejczak advised Chief Silva that Plaintiff's comment to Reichert, as told to him by Reichert, was, "Don't fucking talk to me. Don't fucking look at me. I retire in four months then I will get you."

19. Officer Andrzejczak asked Chief Silva to speak with Plaintiff to see if Plaintiff would go to the Cambridge Springs Police Department to speak with him.

20. After speaking with Chief Silva, Plaintiff agreed to go to the Cambridge Springs Police Department the next day, following work.

21. Chief Silva then called Officer Andrzejczak, and advised him that Plaintiff denied saying that he was going to "get" Reichert or any other sort of threat and that Plaintiff intended to go to the Cambridge Springs Police Department the next day.

22. Officer Andrzejczak told Chief Silva that, if Plaintiff came to the police station and spoke with him, and that was his story, the incident would more than likely be closed as unfounded.

23. Plaintiff, ultimately, was unable to go to the station the next day, and subsequently forgot about Officer Andrzekczak's request.

24. On September 8, 2023, Officer Andrzejczak followed up with Chief Silva, who informed Officer Andrzejczak that Plaintiff was out of town and Chief Silva would speak with him when he returned on September 10, 2023.

25. On September 10, 2023, Plaintiff spoke with Chief Silva, and agreed to provide Officer Andrzejczak with Plaintiff's cell phone number.

26. On September 14, 2023, Officer Andrzejczak called Plaintiff and asked him to come to the Cambridge Springs Police Department.

27. Plaintiff advised Officer Andrzejczak that he was not able to come to the Cambridge Springs Police Department but that he would answer any questions over the phone.

28. In response, Officer Andrzejczak stated "Okay, goodbye," and hung up the phone.

29. On September 25, 2023, Officer Andrzejczak filed a criminal complaint against Plaintiff for a charge of harassment under Section 2709(a)(4) of the Pennsylvania Crimes Code. *See* 18 Pa.C.S. § 2709(a)(4).

30. The criminal complaint included an affidavit of probable cause (the "Affidavit") executed by Officer Andrzejcak.

31. The Affidavit states that Plaintiff had engaged in "lewd, lascivious, threatening or obscene words, language, drawings or caricatures[,] namely[,] tell victim he was going to "[g]et

him[,]" which did alarm or seriously annoy said other person and which served no legitimate purpose." Complaint, 9/25/23, at p.3.

32. The Affidavit further states that the alleged victim, Frank Reichert, stated that "[Plaintiff] said to him 'Don't ever talk to me, I retire in 4 months and I'm going to get you." *Id*.

33. Additionally, the Affidavit states that, "[t]he victim advised this affiant that he has had a prior confrontation with [Plaintiff] that was handled internally through [Plaintiff's] police department. The victim stated that he is in fear of retribution from [Plaintiff] for the past incident and due to [Plaintiff's] large size and prior police training he believes that [Plaintiff] intends to carry out this threat." *Id.*

34. The Affidavit lacks any statements from other witnesses to the interaction or any other evidence.

35. Notably, the Affidavit does not mention whether Officer Andrzejczak investigated Reichert's credibility.

36. Similarly, Officer Andrzejczak filed the complaint and Affidavit without obtaining a statement from any other witnesses or involved parties, including Plaintiff, Kimberly Brewster (who had heard the interaction while on the phone with Plaintiff), and Plaintiff's colleagues or supervisors at the Edinboro Police Department (to whom Plaintiff had described the incident).

37. Moreover, the Affidavit omits the information provided to Officer Andrzejczak by Chief Silva, that Plaintiff denies ever saying he was going to "get" Reichert.

38. Had Officer Andrzejczak conducted a proper investigation, he would have discovered that:

   a. Plaintiff did not say he was going to "get" Reichert;

    b. The statement Plaintiff actually made to Reichert was not intended to harass Reichert and/or had a legitimate purpose;

    c. Reichert lacked credibility, as he had a motive to fabricate his statement and/or mislead law enforcement regarding the nature of the interaction.

39. The harassment charge was dismissed at the preliminary hearing, when the district judge determined that there was insufficient evidence to proceed with the charge.

40. Since the charges were dismissed, Officer Andrzejczak has made at least one defamatory statement regarding Plaintiff to others.

41. In the one known instance, Officer Andrzejczak told an officer with Plaintiff's police department that he had recently witnessed Plaintiff at a local gas station and that Plaintiff had probably been drinking alcohol.

42. On this date, Plaintiff had driven to the gas station as he was finishing up his shift on duty for the Edinboro Police Department, and was returning to his vehicle to drive home.

43. In other words, taken in context, Officer Andrzejczak's statement suggested that Plaintiff had been driving under the influence of alcohol while on duty as a police officer.

**FIRST CLAIM - 42 U.S.C. § 1983**
**Against Thomas Andrzejczak (Individual Capacity)**

44. Each of the above paragraphs are incorporated by reference herein.

45. "To sustain an action under [S]ection 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).

46. "The central issue in determining liability in a Section 1983 action based on a claim of false arrest is "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Wagner v. Waitlevertch,* 774 A.2d 1247, 1253 (2001) (quoting *Dowling v. Philadelphia*, 855 F.2d 136, 141 (3d Cir. 1988)).

47. A plaintiff can establish that an affidavit lacked probable cause by showing that (1) a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in an affidavit of probable cause, and (2) the allegedly false statement was necessary to the finding of probable cause. *See Wagner*, 774 A.2d at 1253 (citing *Franks v. Delaware*, 438 U.S. 154 (1978)).

48. A *Franks* violation may also occur when an officer deliberately or recklessly omits material from an affidavit in order to make the affidavit misleading and the affidavit, if supplemented by the omitted information, would not have been sufficient to support a finding of probable cause. *See United States v. Reivich,* 793 F.2d 957, 961 (8th Cir. 1986).

49. Defendant Andrzejczak was acting under color of state law when he filed the criminal complaint and Affidavit against Plaintiff.

50. Defendant Andrzejczak displayed a reckless disregard for the truth when he, *inter alia*:

    a. Failed to obtain statements from any witnesses other than Reichert;

    b. Failed to investigate Reichert's credibility, including, *inter alia*, inquire into Reichert's history with Plaintiff;

    c. Omitted from the criminal complaint the fact that Plaintiff denied saying he was going to "get" Reichert;

    d. Included Reichert's allegation that Plaintiff said he was going to "get" Reichert, when Defendant had doubts as to the truth of Reichert's allegations.

51. As such, Defendant Andrzejczak lacked probable cause in support of the Affidavit and criminal complaint, and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, Section 8, of the Pennsylvania Constitution.

52. Defendants actions were intentional, willful, wanton, reckless and/or malicious, entitling Plaintiff to punitive damages. *See Doe v. Wyoming Valley Health Care Sys., Inc.*, 987 A.2d 758, 768 (Pa. Super. 2009); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986) (holding that punitive damages are available in Section 1983 cases when the requisite intent is demonstrated).

53. As a result of the actions by Defendant Andrzejczak, Plaintiff has suffered injuries such as, but not limited to, impairment of reputation, personal humiliation, and mental anguish and suffering.

**SECOND CLAIM - 42 U.S.C. § 1983**
**Against Tad Acker (Individual Capacity) - Supervisory Liability and Failure to Intervene**

54. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though set forth fully herein.

55. Upon information and belief, Chief Acker had personal involvement in the unconstitutional actions conducted by Officer Andrzejczak, as alleged herein, and/or gave direction that he knew or should reasonably have known would cause Officer Andrzejczak to deprive Plaintiff of his constitutional rights.

56. More specifically, Plaintiff believes and therefore avers that:

    a. Chief Acker explicitly or implicitly recommended, directed, approved, assisted with, consented to, had knowledge of, acquiesced to, agreed with, and/or failed to intervene in the scope of Officer Andrzejczak's investigation, the nature of the Affidavit against Plaintiff, and any other unconstitutional activities conducted by Officer Andrzejczak as described herein;

    b. Chief Acker established and maintained a policy, practice, or custom that caused the scope of Officer Andrzejczak's investigation, the nature of the Affidavit against Plaintiff, and any other unconstitutional activities conducted by Officer Andrzejczak as described herein.

57. Accordingly, Chief Acker individually violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, Section 8, of the Pennsylvania Constitution.

58. Chief Acker's actions were intentional, willful, wanton, reckless and/or malicious, entitling Plaintiff to punitive damages. *See Doe v. Wyoming Valley Health Care Sys., Inc.*, 987 A.2d 758, 768 (Pa. Super. 2009); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 306 n.9 (1986) (holding that punitive damages are available in Section 1983 cases when the requisite intent is demonstrated).

59. As a result of the actions by Chief Acker, Plaintiff has suffered injuries such as, but not limited to, impairment of reputation, personal humiliation, and mental anguish and suffering.

### THIRD CLAIM - 42 U.S.C. § 1983
**Against Borough of Cambridge Springs**

60. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though set forth fully herein.

61. To hold a municipality liable under § 1983, "[a] plaintiff must identify a municipal policy or custom that amounts to deliberate indifference to the rights of people with whom the police come into contact." *Carswell v. Borough of Homestead*, 381 F.3d 235, 244 (3d Cir. 2004).

62. The Defendant Borough maintained a policy or custom of failure to train or supervise its police officers concerning the level of investigation required before filing a criminal complaint and affidavit in support and the amount and nature of information to be included in said affidavits.

63. This policy or custom reflects a deliberate indifference to the rights of citizens, as it causes its officers to violate citizens' rights under the Fourth Amendment and Article I, Section 8 by conducting insufficient investigations and including inadequate and/or misleading information in their affidavits of probable cause.

64. As a result of this policy or custom, Officer Andrzejczak:

    a. Failed to obtain statements from any witnesses other than Reichert;

    b. Failed to investigate Reichert's credibility, including, *inter alia*, inquire into Reichert's history with Plaintiff;

    c. Omitted from the Affidavit the fact that Plaintiff denied saying he was going to "get" Reichert;

    d. Included Reichert's allegation that Plaintiff said he was going to "get" Reichert, when Defendant had doubts as to the truth of Reichert's allegations.

65. Accordingly, Defendant Borough's policy or custom ultimately violated Plaintiff's rights under the Fourth Amendment to the United States Constitution and Article I, Section 8, of the Pennsylvania Constitution.

66. As a result, Plaintiff has suffered injuries such as, but not limited to, impairment of reputation, personal humiliation, and mental anguish and suffering.

### FOURTH CLAIM - MALICIOUS PROSECUTION (State Law)
### Against All Defendants

67. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though set forth fully herein.

68. "In order to sustain a cause of action for malicious prosecution, the plaintiff must prove that the defendant instituted proceedings against the plaintiff without probable cause and with malice, and that the proceedings were terminated in favor of the plaintiff. *Turano v. Hunt*, 631 A.2d 822, 824 (Pa. Cmwlth. 1993).

69. Defendant Andrzejczak and the Borough initiated criminal proceedings against Plaintiff.

70. Defendant Acker participated in the institution of proceedings against Plaintiff as more fully described in Plaintiff's Second Claim herein.

71. The criminal charges lacked probable cause when the proceeding was initiated, as Defendants Andrzejczak and Acker:

    a. Failed to obtain statements from any witnesses other than Reichert;

    b. Failed to investigate Reichert's credibility, including, *inter alia*, inquire into Reichert's history with Plaintiff;

    c. Omitted from the Affidavit the fact that Plaintiff denied saying he was going to "get" Reichert;

    d. Included Reichert's allegation that Plaintiff said he was going to "get" Reichert, when Defendant Andrzejczak had doubts as to the truth of Reichert's allegations.

72. The charges were initiated with malice, as demonstrated by the lack of probable cause, Defendant Andrzejczak's insistence that Plaintiff give a statement at Defendant's police station and refusal to take a statement over the phone, his subsequent defamatory statements concerning Plaintiff, and other evidence to be gathered through discovery.

73. The criminal proceedings were terminated in Plaintiff's favor, when they were dismissed at the preliminary hearing.

74. As a result of the actions by Defendants, Plaintiff has suffered injuries such as, but not limited to, impairment of reputation, personal humiliation, and mental anguish and suffering.

### FIFTH CLAIM - DEFAMATION *PER SE*
**Against Thomas Andrzejczak (Individual Capacity)**

75. Plaintiff hereby incorporates by reference all preceding paragraphs of this Complaint as though set forth fully herein.

76. "Generally, a defamatory action must allege: (1) the defamatory character of the communication; (2) publication; (3) that the communication refers to the complainant; (4) the third party's understanding of the communication's defamatory character; and (5) injury." *Pelagatti v. Cohen*, 536 A.2d 1337, 1345 (Pa. Super. 1987).

77. "[D]efamation *per se* occurs when the statement ascribes to the plaintiff any of the following: commission of a criminal offense, a loathsome disease, serious sexual misconduct, or conduct or characteristics that adversely affect the plaintiff's fitness to properly conduct his profession, trade or business." *Krolczyk v. Goddard Sys., Inc.,* 164 A.3d 521, 531 (Pa. Super. 2017).

78. "Where there is any doubt that the communication disparages or harms the complainant in his business or profession, that doubt must be resolved in favor of the complainant; even

where a plausible innocent interpretation of the communication exists, if there is an alternative defamatory interpretation, it is for the jury to determine if the defamatory meaning was understood by the recipient." *Pelagatti v. Cohen*, 536 A.2d 1337, 1345 (Pa. Super. 1987).

79. "Publication of defamatory matter is the intentional or negligent communication of such matter to one other than the person defamed." *Chicarella v. Passant*, 494 A.2d 1109, 1112 (Pa. Super. 1985).

80. "[A] plaintiff in a [defamation] *per se* case must show 'general damages': proof that one's reputation was actually affected by the slander, or that she suffered personal humiliation, or both." *Walker v. Grand Cent. Sanitation, Inc.*, 634 A.2d 237, 242 (Pa. Super. 1993).

81. Officer Andrzejczak told at least one other individual, Plaintiff's colleague with the Edinboro Police Department, that he had recently witnessed Plaintiff at a local gas station and that Plaintiff had probably been drinking alcohol.

82. On this date, Plaintiff had driven to the gas station as he was finishing up his shift on duty for the Edinboro Police Department, and was returning to his vehicle to drive home.

83. In other words, taken in context, Officer Andrzejczak's statement suggested that Plaintiff had been driving under the influence of alcohol while on duty as a police officer.

84. Officer Andrzejczak's statement is defamatory *per se* as it (1) suggests that Plaintiff committed a criminal offense and (2) ascribes conduct or characteristics to Plaintiff that adversely affects Plaintiff's fitness to properly conduct his profession as a police officer.

85. As a result of the actions by Defendant Andrzejczak, Plaintiff has suffered injuries such as, but not limited to, impairment of reputation, personal humiliation, and mental anguish and suffering.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

A. On his first claim, a judgment in his favor and against Defendant Andrzejczak for compensatory and punitive damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988;

B. On his second claim, a judgment in his favor and against Defendant Acker for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988;

C. On his third claim, a judgment in his favor and against Defendant Borough for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988;

D. On his fourth claim, a judgment in his favor and against all Defendants for compensatory damages in an amount to be determined at trial;

E. On his fifth claim, a judgment in his favor and against Defendant Andrzejczak for compensatory damages in an amount to be determined at trial;

F. A jury trial on all appropriate issues;

G. An award of costs and expenses against the Defendants;

H. Any and all other relief this Court may deem appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Nicholas R. DiNardo, Esq.
PA I.D. No. 321538

**Very Law PLLC**
500 Grant Street Suite 2900
Pittsburgh, Pennsylvania 15219
p: 412.430.0131
f: 412.430.0132
service@verylaw.com